# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| ALLSTATE LIFE INSURANCE COMPANY OF NEW YORK, | ) ) ) |
| Plaintiffs, | ) Case No. 3:19-cv-00276 ) |
| v. | ) JUDGE CAMPBELL ) MAGISTRATE JUDGE NEWBERN |
| CYNTHIA TYLER-HOWARD a/k/a CYNTHIA TYLER, RUQAYYAH HOWARD, and KENNETH E. PURVIS, | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM

Pending before the Court is Plaintiff's Motion for Entry of Default Judgment Against Defendants Cynthia Tyler-Howard a/k/a Cynthia Howard and RuQayyah Howard (Doc. No. 24). Plaintiff filed the instant action alleging claims of civil fraud, unjust enrichment, conversion, and negligence against Cynthia Howard; aiding and abetting fraud against RuQayyah Howard and Kenneth Purvis; and insurance fraud and constructive trust against all Defendants. (Doc. No. 1). Plaintiff filed proof of service of process of Cynthia Howard and RuQayyah Howard, but have not served Kenneth Purvis. On August 8, 2019, the Clerk granted Entry of Default as to Cynthia Howard and RuQayyah Howard. (Doc. No. 23).

### I. STATEMENT OF FACTS[1]

Plaintiff Allstate Life Insurance Company of New York ("Allstate Life"), issued a structured settlement annuity contract, No. 95004776 (the "Annuity"), by which it was obligated to make monthly payments of $3,820.00, with a monthly 3% increase. The term of the payments was August 20, 1994 through July 20, 2014, and thereafter for the life of Kamar Purvis. Monthly

---

[1] Facts are as stated in the Complaint (Doc. No. 1) and the Sanford Affidavit (Doc. No. 14).

payments after August 20, 2014, were contingent on Kamar Purvis being alive. Kamar Purvis died on July 8, 2004. Allstate Life had no notice of his death and continued to deposit payments into a Citibank account in the name of Cynthia Tyler M/N/G Kamar Purvis. Allstate continued to deposit payments into the Citibank account until July 20, 2018.

Plaintiff alleges Defendants held out Kamar to be alive in order to continue to receive payments. In August 2007, Allstate Life was served with a petition for transfer of the structured settlement payment to Henderson Receivables Original LLC. The petition included an affidavit and several other documents purportedly signed by Kamar Purvis. (Doc. No. 1-9). On July 11, 2010, Cynthia Howard wrote to Allstate Life requesting information as guardian to Kamar Purvis. (Doc. No. 1-11). On July 16, 2018, Cynthia Howard submitted an information request form to Allstate Life indicating that Kamar Purvis was "living" and giving his "knew [sic] address" in Nashville, Tennessee. (Doc. No. 1-12). On November 9, 2018, Cynthia Howard called Allstate and told the Allstate representative that Kamar Purvis was 31 years old and living with her.

Allstate Life claims it paid $338,831.67 to Cynthia Howard for the benefit of Kamar Purvis between August 20, 2017 and July 20, 2018. (Doc. No. 14). Plaintiff claims these payments also unjustly enriched Cynthia Howard's other children, RuQayyah Howard and Kenneth Purvis, because "during their minority, [Kenneth Purvis and RuQayyah Howard] resided with [Cynthia Howard] and inevitably benefited from the funds [Cynthia Howard] was receiving and to which she was not entitled." (Comp., Doc. No. 1, ¶ 41).

## II. STANDARD OF REVIEW

Federal Rule 55(b) governs the entry of default judgment. "When an application is made to the court under Rule 55(b)(2) for the entry of judgment by default, the district judge is required

to exercise sound judicial discretion in determining whether the judgment should be entered." 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure: Civ.3d § 2685 (1998). "This element of discretion makes it clear that the party making the request is not entitled to a default judgment as of right." *Id*. The court should deny a motion for default judgment when the complaint fails to state a claim upon which relief can be granted. *Lee v. United Serv. Assocs., Inc.*, No. 4:07-cv-57, 2007 WL 2788459 at * 1 (E.D. Tenn. Sept. 24, 2007) (citing *Bailey v. Harrison*, 107 F.3d 870 (6th Cir. 1997)).

In matters where default judgment is sought against some, but not all, defendants, Rule 54(b) is also implicated. Under its terms, "when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). Federal courts have long followed a general rule that, when default is entered against fewer than all defendants in a multi-defendant action in which joint liability is claimed, default judgment should be withheld until merits determinations are made for those defendants not in default. *See De'Mario Driver v. Fabish*, No. 3:13-cv-01087, 2017 WL 413719 at * 1 (M.D. Tenn. Jan. 31, 2017) (citing *Frow v. De La Vega*, 82 U.S. 552, 554 (1874)). A court may enter a default judgment against one of several co-defendants upon express determination that there is no just reason for delay. *See Richardson v. Russell*, No. 3:15-cv-869, 2016 WL 2939909 at * 2 (M.D. Tenn. Apr. 26, 2016).

### III. ANALYSIS

Plaintiff seeks default judgment against Cynthia Howard and RuQayyah Howard in the amount of $338,831.67 for the amount of the Overpaid Funds, $103,419.58 in prejudgment interest (through August 13, 2019), plus daily interest accruing thereafter in the amount of $92.83

from August 13, 2019, until the date of entry of judgment. In addition, Plaintiff seeks the issuance of a writ of possession against Defendants as to all real and personal property owned by Defendants, and reasonable attorney's fees and expenses.

The District Court Clerk granted Plaintiff's motion for entry of default against Cynthia Howard and RuQayyah Howard on August 8, 2019. Plaintiff filed affidavits in support of its claim for damages. (Doc. Nos. 11 and 16).

In this case, Plaintiff brings claims for civil fraud, unjust enrichment, conversion, and negligence against Cynthia Howard; for aiding and abetting fraud against RuQayyah Howard, and Kenneth Purvis; and for insurance fraud and constructive trust against all Defendants. (Doc. No. 1). A review of the Complaint shows a dearth of factual allegations against RuQayyah Howard and Kenneth Purvis. The Complaint asserts that RuQayyah Howard and Kenneth Purvis have been "unjustly enriched" because they resided with their mother, Cynthia Howard, while they were minor children and "inevitably benefited from the funds [Cynthia Howard] was receiving." (Compl., Doc. No. 1, ¶¶ 9, 41). These allegations are insufficient to state a claim as to either RuQayyah Howard or Kenneth Purvis. Accordingly, the Court denies Plaintiffs motion for default judgment as to RuQayyah Howard.

Because the Complaint does not state a claim as to two of the Defendants, the Court finds there is no just reason to delay consideration of the motion for default judgment as to Cynthia Howard. As stated above, the claims against Cynthia Howard are: civil fraud, unjust enrichment, conversion, negligence, insurance fraud, and constructive trust. Plaintiff seeks the return of the Overpaid Funds, plus interest, and attorney's fees and costs.

The Court finds that Plaintiff has stated a claim for damages against Cynthia Howard under multiple theories, the most straightforward of which are unjust enrichment and conversion.

4

Unjust enrichment requires (1) a benefit conferred upon the defendant at plaintiff's expense; (2) a resulting appreciation of the benefit by defendant; (3) inequitable retention of that benefit. *Z.J. v. Vanderbilt Univ.*, 355 F. Supp. 3d 646, 701-02 (M.D. Tenn. 2018). In Tennessee, conversion is "the appropriation of the thing to the party's own use and benefit, by exercise of dominion over it, in defiance of plaintiff's rights." In addition, Tennessee insurance fraud statute states that anyone who presents or withholds materially false information concerning "a claim for payment or benefit pursuant to any insurance policy" has committed an "unlawful insurance act." Tenn. Code Ann. § 56-53-103. The Complaint states that Cynthia Howard made materially false representations to Allstate Life regarding her continued entitlement to benefits, and that she received and retained money to which she was not entitled.

The facts alleged in the Complaint are sufficient to establish that Plaintiff is entitled to the damages sought from Cynthia Howard in the amount of $338,831.67, plus interest in the amount of $103,419.58 in prejudgment interest (through August 13, 2019), plus daily interest accruing thereafter in the amount of $92.83 from August 13, 2019, until the date of entry of judgment (51 days = $4,734.33). The total amount calculated by the Court as of October 4, 2019, is $446,985.58.

Regarding the request for attorney's fees in, the American Rule is that "each litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise in 'specific and explicit' terms." *EPAC Technologies, Inc. v. HarperCollins Christian Publishing, Inc.*, 362 F. Supp. 3d 446, 449 (M.D. Tenn. 2019) (citing *Warren Drilling Co. v. Equitable Prod. Co.*, 621 Fed. Appx. 800, 806 (6th Cir. 2015)). Plaintiff has not cited any statutory or contract provision providing for attorneys' fees. Plaintiff's request for attorney's fees is, therefore, denied. Plaintiff may, however, submit a bill of costs to the Clerk of Court, pursuant to Local Rule 54.01.

Finally, Plaintiff requests the Court issue "a writ of possession against any and all real and personal property presently owned by these Defendants." The procedure for execution of judgments is provided in Local Rule 69.01. A writ will not issue at this time.

## IV. CONCLUSION

For the reasons stated, the Motion for Default Judgment is **GRANTED**, in part, **DENIED**, in part. A separate Order will enter.

WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE